**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

GINA MEDICO, Case No. 3:25-cv-02045-SVN

Plaintiff,

v.

CONNECTICUT COALITION AGAINST DOMESTIC VIOLENCE, INC., et al.,

Defendants.

SEPTEMBER 6, 2026

**DEFENDANT SUZANNE CAMPOS'S REPLY IN FURTHER SUPPORT OF MOTION FOR SECURITY FOR COSTS**

Defendant Suzanne Campos ("Ms. Campos"), appearing pro se, respectfully submits this reply in further support of her Motion for Security for Costs pursuant to Local Civil Rule 83.3(a), ECF No. 179, and in response to Plaintiff's Memorandum in Opposition, ECF No. 213 (the "Objection").

## I. INTRODUCTION

Under Local Civil Rule 83.3(a), a defendant is "entitled on request" to an order "as of course" requiring a $500 cash deposit or bond as security for costs. Ms. Campos seeks only that standard security.

In the Objection, Plaintiff identifies no valid basis for denying Ms. Campos the ordinary $500 security that Rule 83.3(a) provides as of course. Plaintiff instead attempts to impose threshold requirements the Rule does not contain — that Ms. Campos first submit a memorandum of law, itemize anticipated taxable costs, and prove that any future cost award would be uncollectible — and devotes the bulk of the Objection to relitigating the merits of the underlying dispute, including a mischaracterized excerpt from Ms. Campos's motion to dismiss the original Complaint. Neither approach supplies the good cause that Rule 83.3(b) requires before the standard security may be waived or modified. Nor is Plaintiff's own Objection internally consistent: Plaintiff asserts financial hardship while representing to this Court, twice, that she "has borne the costs of this litigation from her own resources" — and, after declining to submit the financial documentation this Court required in connection with Defendant Fitch's identical request, went on to pay that $500 bond in full. The Objection should be overruled and the Motion granted.

**II. PROCEDURAL BACKGROUND**

This is not the first time this Court has addressed a request for security for costs in this action, nor the first time Plaintiff has been given an opportunity to substantiate a claim of financial hardship and declined to do so.

On April 7, 2026, Defendant Marc Fitch became the first defendant to move for security for costs under Local Rule 83.3(a). ECF No. 79. Plaintiff opposed that motion on April 9, 2026, arguing, among other things, that a defendant must first identify taxable costs and that a bond would burden a self-represented litigant. ECF No. 85. The Court granted Defendant Fitch's motion that same day and ordered Plaintiff to post a $500 bond within thirty days. ECF No. 86.

Plaintiff did not comply, and on May 13, 2026, Defendant Fitch moved to dismiss for noncompliance with the Court's order. ECF No. 148. On May 14, 2026, the Court issued an order to show cause, advising that noncompliance could support summary dismissal and giving Plaintiff until June 3, 2026 to demonstrate good cause for a waiver or modification. ECF No. 149. Plaintiff responded on May 26, 2026 with a request for waiver of the bond requirement, which the Court later construed as her opposition to Defendant Fitch's motion to dismiss. ECF Nos. 154, 156.

On July 23, 2026, the Court denied dismissal at that time but rejected Plaintiff's argument that Rule 83.3 requires a merits-based showing, holding that "Local Rule 83.3 is regularly applied at the early stages of a case without reference to a presumption that a plaintiff's claims are speculative or that a defendant will prevail on the merits." Order, ECF No. 167. The Court specified exactly what evidentiary showing was required: "evidence of inability to pay the relevant amount is required before the Court will excuse the bond requirement," and directed Plaintiff, by August 5, 2026, to submit "her two most recent monthly bank statements from any financial accounts under her custody or control, including personal and business checking and savings accounts, retirement accounts, investment or brokerage accounts, or any other relevant financial accounts" — or, in the alternative, to pay the bond by that date. Id.

Plaintiff did neither by the August 5, 2026 deadline and did not seek an extension. On August 11, 2026, the Court denied Plaintiff's request for reconsideration, holding that "this avenue will no longer be available to her and she must pay the bond," and ordered payment by August 18, 2026, ECF No. 180. Plaintiff paid the $500 bond as to Defendant Fitch shortly thereafter. ECF No. 183.

Ms. Campos filed her own Motion for Security for Costs on August 10, 2026 — one day before the Court's reconsideration order in the Fitch matter issued. ECF No. 179. Plaintiff filed her

Objection on August 30, 2026. ECF No. 213. As set forth below, that Objection repeats several of the same arguments this Court has already rejected in connection with Defendant Fitch's motion, and again offers no financial documentation of the kind the Court has already told Plaintiff is required.

**III. LEGAL STANDARD**

Local Civil Rule 83.3(a) provides, in relevant part, that "[a]ny time after the commencement of an action, the defendants … are entitled on request to the Clerk to an order to be entered by the Clerk, as of course, for a cash deposit or bond with recognized corporate surety in the sum of $500.00 as security for costs, to be given within thirty days from the entry of such order." As the court held in a case this District has already relied upon, "the defendants are entitled to a bond because a claim has been filed against them." Telkamp v. Vitas Healthcare Corp. Atl., No. 3:15-CV-726 (JCH), ECF No. 163 (D. Conn. Mar. 16, 2017). Consistent with that principle, a defendant need not show a likelihood of prevailing, nor a plaintiff that its claims lack merit, before the standard security issues. See Leighton v. Paramount Pictures Corp., 340 F.2d 859, 860–61 (2d Cir. 1965) ("[s]ecurity may be required and the order enforced even where a plaintiff's claim has some merit").

The Court may modify or waive the requirement, but only "[u]pon good cause shown." D. Conn. L. Civ. R. 83.3(b). The burden of establishing good cause rests on the plaintiff, and that burden must be carried through objective evidence — conclusory assertions of financial inability "unaccompanied by details or supporting documents" are insufficient. Selletti v. Carey, 173 F.3d 104, 111–12 (2d Cir. 1999), aff'd, 17 F. App'x 18 (2d Cir. 2001); Santora v. All About You Home Care Collaborative Health Care Svc, LLC, 2010 U.S. Dist. LEXIS 123842 (D. Conn. Nov.

23, 2010).

This Court has already construed Rule 83.3 along these lines in this very case: "Local Rule 83.3 is regularly applied at the early stages of a case without reference to a presumption that a plaintiff's claims are speculative or that a defendant will prevail on the merits." Order, ECF No. 167 (July 23, 2026) (citing Leighton v. Paramount Pictures Corp., 340 F.2d 859, 860 (2d Cir. 1965), and Telkamp v. Vitas Healthcare Corp. Atl., No. 3:15-CV-726 (JCH), ECF No. 163 (D. Conn. Mar. 16, 2017) ("[T]he defendants are entitled to a bond because a claim has been filed against them.")). On reconsideration, the Court reaffirmed that ruling and held that, having missed the deadline to submit the required financial documentation in connection with the Fitch bond, Plaintiff would no longer be permitted to withhold payment on that basis and was ordered to pay. Order, ECF No. 180 (Aug. 11, 2026).

## IV. ARGUMENT

### *A. Local Rule 83.3 Imposes No Threshold Requirement on the Movant.*

Ms. Campos's Motion follows Rule 83.3(a) and requests only the standard $500 security. Plaintiff nonetheless argues that Ms. Campos must first (1) identify costs that may ultimately be taxable under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, (2) prove that a future cost award would be uncollectible, and (3) disprove Plaintiff's own characterization of the Motion. Rule 83.3(a) imposes none of those requirements; it entitles a defendant, on request and as of course, to the standard $500 order. The evidentiary burden instead rests on Plaintiff under Rule 83.3(b), and Plaintiff has not carried it.

Plaintiff's reliance on Dedjoe v. Esper, 2019 U.S. Dist. LEXIS 26341 (N.D.N.Y. Feb. 19, 2019), and Whitfield v. Scully, 241 F.3d 264 (2d Cir. 2001), does not alter the analysis. Those cases

address which categories of expense may ultimately be taxed as costs after a party has prevailed — they do not interpret Rule 83.3 or require a defendant seeking the standard security to itemize future costs in advance. Should Ms. Campos later prevail, the nature and amount of any taxable costs will be determined in the ordinary course through a bill of costs.

Plaintiff's reliance on Murray v. Montroy DeMarco Architecture LLP, No. 1:20-cv-03864 (GHW) (SDA), 2020 U.S. Dist. LEXIS 187160 (S.D.N.Y. Oct. 8, 2020), is misplaced. Murray addressed a request for a bond of at least $10,000 under Southern District of New York Local Civil Rule 54.2, which provides that a court "may order any party" to furnish a bond for costs in an amount designated by the court. Id. at 1. The court therefore exercised the broad discretion afforded by that materially different rule and denied the requested $10,000 bond. Id. at 2. Here, by contrast, District of Connecticut Local Civil Rule 83.3(a) expressly provides that defendants are entitled, "on request," to the Clerk's $500 security order "as of course," while Rule 83.3(b) separately permits modification or waiver "[u]pon good cause shown." Murray therefore does not establish that Defendant must make a case-specific showing before obtaining the standard security expressly authorized by Rule 83.3(a), nor does it relieve Plaintiff of her obligation to demonstrate good cause for the waiver or modification she requests under Rule 83.3(b).

Plaintiff's remaining authorities are likewise inapposite. Santora cautions against using a security requirement to dismiss claims thought to be questionable merely because a plaintiff has few resources — it does not hold that a plaintiff's asserted merits defeat the standard security, and the Santora court still required the plaintiff to substantiate any claimed inability to pay. City of Hartford v. Public Utilities Commission, 30 Conn. Supp. 244 (Conn. Super. Ct. 1973), concerns costs recoverable in a Connecticut administrative appeal and has no bearing on Rule 83.3.

***B. Plaintiff's Reliance on a Mischaracterized Excerpt from Ms. Campos's Prior Motion Does Not Defeat the Standard Security.***

The bulk of the Objection is devoted to arguing that Ms. Campos's motion to dismiss the original Complaint "concedes the very contacts and transfers at the heart of Plaintiff's claims," and quotes several fragments of language from that motion. That characterization is incorrect and, in any event, is not a proper basis to deny the standard security.

As a threshold matter, even assuming arguendo that Plaintiff's characterization of these fragments were accurate, it would not defeat Ms. Campos's entitlement to the standard $500 security. Plaintiff's own Objection recognizes—quoting the same authority she otherwise relies upon—that the bond requirement "is not a mechanism for conducting a preliminary assessment of the merits." Telkamp, 2016 U.S. Dist. LEXIS 177961, at 14 (D. Conn. Dec. 23, 2016). Whatever the ultimate merit of the parties' competing accounts, that dispute is not resolved on a motion for security, and Plaintiff's attempt to litigate it here provides no basis to deny Ms. Campos the standard $500 security.

In any event, the characterization is also incorrect. A motion to dismiss is not a verified pleading, sworn testimony, or evidence; it is argument filed before any answer, discovery, or fact-finding has occurred, and a defendant's recitation of a plaintiff's own allegations to explain why they are legally insufficient is not a judicial admission of their truth. See Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523 (2d Cir. 1985) (judicial admissions must be deliberate, clear, and unambiguous concessions of fact, not statements offered for a different purpose). Plaintiff may not manufacture a party admission by lifting fragments from Ms. Campos's motion, stripping them of context, and republishing them as sworn concessions.

Even accepted at face value, none of the four fragments the Objection quotes establishes what Plaintiff contends. The "eighteen months" referenced in the Amended Complaint describes only the general timeframe of a peer-support relationship, with no mention of transmission to a third party or financial benefit to Ms. Campos. The October 22, 2021 email reference concerns academic articles the Amended Complaint itself attributes to a co-defendant, not to Plaintiff. The alleged "echoing" comment reflects, at most, a conversational observation, not an admission of copying or misappropriation. And Ms. Campos has never disputed receiving a one-page press release draft from Plaintiff by email — she disputes only its characterization as proprietary or confidential and any allegation that she forwarded it to a third party. None of these fragments, individually or together, constitutes the deliberate, clear, and unambiguous concession of fact that Bellefonte requires.

***C. Plaintiff Has Not Demonstrated Good Cause for Waiver or Modification.***

Local Rule 83.3(b) permits the Court to modify or waive the security requirement only "[u]pon good cause shown." Plaintiff bears the burden of presenting information sufficient to establish that good cause. See Selletti v. Carey, 173 F.3d 104, 111–12 (2d Cir. 1999).

The Court, moreover, has already found—on this same record—that Plaintiff "paid the filing fee in this action and paid for service on many Defendants," facts the Court found inconsistent with an unsupported claim of inability to pay. Order, ECF No. 167. Bare assertions of financial hardship, unaccompanied by the specific evidence the Court has already required, do not establish good cause; only a showing tied to actual, documented financial circumstances—of the kind that led the court in Brown v. Tuttle to reduce, rather than waive, a bond based on a litigant's verified account balance—can satisfy Rule 83.3(b). See Brown v. Tuttle, No. 3:13-

CV-1444 (VAB), 2016 WL 471246, at 1–2 (D. Conn. Feb. 5, 2016). Plaintiff has made no such showing here.

This is not Plaintiff's first opportunity to make that showing, and it is not the first time she has let it pass. In connection with Defendant Fitch's motion for security, the Court ordered Plaintiff to submit financial documentation of her inability to pay, or to pay the $500 bond, by August 5, 2026. Plaintiff did neither by that deadline and did not seek an extension. Order, ECF No. 180 (Aug. 11, 2026). The Court accordingly held that “this avenue will no longer be available to her and she must pay the bond,” and directed payment by August 18, 2026 on pain of dismissal. Id. Plaintiff went on to pay the $500 bond with respect to Defendant Fitch. See ECF No. 183. Plaintiff's demonstrated ability to pay that identical sum only weeks earlier, together with her continued failure to submit any financial documentation in response to Ms. Campos's Motion, leaves no basis for good cause here.

Plaintiff's remaining citations concern materially different subjects — sanctions, recoverable attorneys' fees, post-judgment taxation of costs, and the procedural rules of other jurisdictions — and do not displace Rule 83.3's established framework or the evidentiary showing Selletti requires.

***D. Plaintiff's Self-Represented Status Does Not Excuse Compliance.***

Filings by a self-represented litigant are construed liberally, but “pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.” Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see also LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (“[A]lthough pro se litigants should be afforded latitude, they generally are required to inform

themselves regarding procedural rules and to comply with them."). Liberal construction permits the Court to treat the Objection as a request for waiver or modification under Rule 83.3(b), but it does not relieve Plaintiff of the burden to demonstrate good cause through competent evidence — a burden Plaintiff has not met.

**V. CONCLUSION**

For the foregoing reasons, Defendant Suzanne Campos respectfully requests that the Court overrule Plaintiff's Objection, ECF No. 213, and grant Ms. Campos's Motion for Security for Costs, ECF No. 179, requiring Plaintiff to post the standard $500.00 cash deposit or bond within thirty (30) days of the Court's order, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Suzanne Campos
Suzanne Campos
Defendant, Pro Se
1852 Banking Street #29503
Greensboro, NC 27408
Email: suzatest1@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2026, a copy of the foregoing was served either electronically or by U.S. mail on all parties and counsel of record as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing, as indicated below. Parties may access

this filing through the Court's CM/ECF System.

/s/ Suzanne Campos
Suzanne Campos
Defendant, Pro Se
1852 Banking Street #29503
Greensboro, NC 27408
Email: suzatest1@yahoo.com